IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BENJAMIN HULSEY, Institutional ID No. 81043, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-CV-00069-BU |
| ANDRE MOORE, | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff BENJAMIN HULSEY, an inmate at Taylor County Detention Center, brings this action against Defendant ANDRE MOORE, alleging that he violated his constitutional rights. Because of the unique procedural posture of this case, the undersigned recommends that the Court issue a scheduling order directing the parties on pretrial proceedings of this case.

**I. JURISDICTION**

Hulsey brings his claims under 42 U.S.C. § 1983, providing the Court with subject-matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. Venue is proper in the Northern District of Texas, Abilene Division, because Hulsey's claims arise from his detention at Taylor County Detention Center located in Taylor County, Texas. 28 U.S.C. § 1391(b)(2). The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after Senior United States District Court Judge Sam R. Cummings transferred

Hulsey's case to the undersigned for preliminary screening.[1] Dkt. No. 6; 28 U.S.C. § 636(c)(1). While Hulsey has consented to the undersigned exercising the full jurisdiction of this Court, Dkt. No. 11, Moore has not.

## II.  PROCEDURAL BACKGROUND

Hulsey filed his Complaint on April 3, 2023, bringing constitutional claims against six defendants: Sheriff Ricky Bishop, Lt. Andre Moore, Chief Trawick, C.O. Wade, Dr. George Woodward, and Nurse Practitioner Shannon Boyd. Dkt. No. 1 at 4. Hulsey later supplemented his Complaint, adding Detective Jeff Cowan as a defendant. Dkt. Nos. 15, 30. His constitutional claims arose from his cooperation with police, where he agreed to wear a recording device to capture the confession of a fellow inmate who was a gang member. Dkt. No. 1 at 5. After the recording device was found by officials in the detention center, he refused to continue wearing the device without a written agreement. *Id.* at 5–6. In retaliation, TCDC officials allegedly notified the suspect that Hulsey was an informant, then allowed Hulsey to be assaulted by the suspect and his fellow gang members. *Id.* at 6.

After screening his claims, the undersigned issued an order and judgment on December 22, 2023, dismissing each of Hulsey's claims against all defendants. Dkt. No. 34–35. Hulsey timely appealed the dismissal to the Fifth Circuit on January 5, 2024. Dkt. No. 37. The Fifth Circuit Court of Appeals affirmed the dismissal of most of Hulsey's claims, but reversed the dismissal of Hulsey's failure-to-protect claim against Defendant Moore. Dkt. No. 49.

---

[1] This case was later reassigned from Senior United States District Judge Sam R. Cummings to United States District Judge James Wesley Hendrix under Special Order 3-355.

At issue on appeal was whether Hulsey had plausibly alleged that Moore (1) was aware Hulsey faced a substantial risk of harm and (2) disregarded that risk. Dkt. No. 50 at 12. The Appeals Court concluded that Hulsey had plausibly alleged that Moore received his messages concerning Hulsey's safety, and was aware of facts permitting the inference that other inmates knew Hulsey was an informant. *Id.* at 13–15. Hulsey also adequately plead that Moore actually inferred that Hulsey faced a substantial risk, given that Moore promised Hulsey protection and expressed concern about other officers leaking that Hulsey was an informant. *Id.* at 15–16. Lastly, Hulsey plausibly alleged that Moore disregarded the risk; Hulsey alleged that Moore did not have his tank monitored at all times, allowed his assailant to be housed with him, and promised Hulsey protection to persuade him to take further risks. *Id.* at 17–18.

On remand, the undersigned ordered Moore to file an answer to Hulsey's claims against him. Dkt. No. 51. Moore did so on January 3, 2025. Dkt. No. 55. However, just a few weeks prior on December 16, 2024, Hulsey had filed a motion requesting that litigation be stayed because he was concerned about his mental health; he explained that he had been in solitary confinement for nearly two years and had difficulty remembering and understanding the proceedings. Dkt. No. 52. On January 8, 2025, his Motion was granted, and the case was stayed pending psychological evaluation.

It was not until October 15, 2025, that Hulsey's competency was deemed restored. Dkt. No. 70. However, Hulsey remained heavily medicated and retained doubts that he had the mental capacity to handle his case without a lawyer. *Id.* The undersigned therefore appointed Attorney Nicholas Bunch as pro bono counsel to represent Hulsey. Dkt. Nos. 73–

74. Finally, on January 9, 2026, Hulsey filed an unopposed motion to reopen his case and lift the stay on litigation, which was granted on January 12. Dkt. Nos. 77–78.

## III.  ANALYSIS

Hulsey's case has been stayed for just over one year—from January 9, 2025, to January 12, 2026. Dkt. Nos. 57, 78. This lengthy stay began just after Moore filed his answer to Hulsey's Complaint on January 3, 2025. Dkt. No. 55. Because of the timing of the stay, the case was also never transferred back to the docket of the United States District Judge.[2] It is now necessary to do so because there is no longer unanimous consent to the undersigned exercising the full jurisdiction of the Court.

In light of the unique procedural history of this case and the need for timely resolution of Hulsey's claims against Moore, the undersigned further recommends that the Court enter an appropriate scheduling order directing the pretrial phase of this case.

## IV.  CONCLUSION

For the above reasons, the undersigned RECOMMENDS that the Court enter a scheduling order directing the pretrial discovery phase of this case.

## VIII.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within four-

---

[2] Hulsey consented to the undersigned exercising the full jurisdiction of the Court. Dkt. Nos. 11–12. Thus, the case did not need to be transferred back to the District Judge's docket until a non-consenting party was added. This occurred when Moore was served and entered his answer, just days before the case was stayed and administratively closed. *See* Dkt. Nos. 55, 57.

teen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IX. TRANSFER OF CASE

Having completed the preliminary screening of Hulsey's claims, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:23-CV-00069-H.

ORDERED this 15th day of January 2026.

                                              JOHN R. PARKER
                                              UNITED STATES MAGISTRATE JUDGE