UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

BENJAMIN HULSEY,
Institutional ID No. 81043

　　　　　　　　　　Plaintiff,

v.

　　　　　　　　　　　　　　　No. 1:23-CV-00069-H

ANDRE MOORE,

　　　　　　　　　　Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
## AND REQUIRING A MOTION ON QUALIFIED IMMUNITY

The United States Magistrate Judge made findings, conclusions, and a

recommendation (FCR) that the Court should enter a scheduling order as to Plaintiff's

failure-to-protect claim against Defendant Andre Moore.[1]  *See* Dkt. No. 79.  No objections

were filed.  The District Court has reviewed the FCR for plain error.  Finding none, the

Court accepts and adopts the findings, conclusions, and recommendation of the United

States Magistrate Judge.

In his Answer, Defendant Moore asserted several affirmative defenses, including the

defense of qualified immunity.  *See* Dkt. No. 55.  Thus, as explained below, the Court orders

Defendant Moore to file a motion for summary judgment limited to the affirmative defense

of qualified immunity no later than 60 days from the date of this order.

---

[1] The Magistrate Judge summarized Plaintiff's failure-to-protect claim in the FCR. See Dkt. No. 79
at 3.

## 1.    Motion on Qualified Immunity

The Court is mindful of the general rule that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Ordinarily, that comes at the motion-to-dismiss stage. Defendant did not, however, file a motion to dismiss before filing his answer. Thus, the Court has not yet had an opportunity to rule on the immunity question. *See* Fed. R. Civ. P. 12(b).

As a result, the Court orders Defendant to file a motion for summary judgment limited to the issues of qualified immunity and any other affirmative defenses, **no later than 60 days from the date of this order**. Plaintiff may file a response to Defendant's motion **no later than 30 days** from the date shown on the certificate of service attached to the motion. The motion, any response, and any reply must comply with the requirements of the Local Civil Rules of the Northern District of Texas.

Alternatively, if Defendant believes that his assertion of qualified immunity depends on resolution of disputed factual matters, he must file a notice informing the Court that the affirmative defense cannot be resolved at this stage and that discovery is necessary. Such notice should be filed as soon as practicable, but **no later than 60 days from the date of this order**.

## 2.    Discovery

Discovery will remain stayed pending a ruling on the anticipated motion for summary judgment or further order from the Court. *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022); *Wicks v. Miss. State Emp't Servs., Inc.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *see*

2

*also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). If the claim survives summary judgment on immunity grounds, then the parties are entitled to all appropriate discovery, even discovery that does not relate to the qualified-immunity defense. *See Zantiz v. Seal*, 602 F. App'x 154, 159 (5th Cir. 2015) (quoting *Lion Boulos*, 834 F.2d at 507–08).

When a defendant has asserted a qualified-immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified-immunity defense. *See Carswell*, 54 F.4th at 311–12. On a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified-immunity issues raised in the expected motion for summary judgment. *See Hutcheson v. Dallas Cnty*, 994 F.3d 477, 481 (5th Cir. 2021) (providing that "[i]t is not enough broadly to seek information that might impeach the defendants' version of events," but "must assert facts that, if true, would overcome the defense."); *see also Backe*, 691 F.3d at 648 (explaining that "this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense"); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) (providing that "a district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue"); *cf. Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (finding that "a court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary

judgment evidence) as true.'") (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018).

The Court will issue a scheduling order governing discovery, dispositive motions, and trial, if necessary, after resolving the anticipated motion for summary judgment.

So ordered.

Dated February __, 2026.

JAMES WESLEY HENDRIX
United States District Judge